UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DANIEL JOSEPH HARRIS,

    Defendant.
_____/

Case no. 1:20-cr-183

Hon. Robert J. Jonker
Chief United States District Judge

**MOTION TO WITHDRAW AS ATTORNEY
AND BRIEF IN SUPPORT**

Undersigned counsel for defendant Mr. Daniel Joseph Harris, Parker Douglas, hereby provides notice to this Honorable Court of a potential conflict of interest in the representation of defendant Mr. Harris by undersigned counsel, and counsel for Mr. Adam Fox in the Office of the Federal Public Defender. The instance motion presents those issues to the Court.

The Federal Public Defender's Office has offered undersigned counsel a position as an Assistant Federal Public Defender, which he has accepted.[1] Because undersigned counsel currently represents one of Mr. Fox's co-defendant's, Daniel Joseph Harris, the present circumstances potentially pose a significant risk of a conflict of interest, and counsel files this motion after consultation with Mr. Harris, as this presents an issue that needs to be addressed.

Currently, a Motion for Ends of Justice Continuance (ECF No. 145) has been filed and the Court has given the parties until February 10, 2021, to either file signed Consents, or objections to

---

[1] It is understood that undersigned counsel will not join the Federal Public Defender's Office until any and all conflict issues are resolved.

the Motion.  The parties have asked for six months before trial to prepare and review voluminous discovery.   A defense coordinator has been appointed to coordinate discovery with the government.  This coordination has been ongoing, and from the date of the filing of the Ends of Justice Motion (ECF No. 145), the discovery coordinator, Attorney Julie de Almeida, estimates at least another two to three weeks to process the material into a usable format for all defense counsel.  After the discovery has been formatted, it will be distributed to all defense counsel.  As estimated in the pending Motion for Ends of Justice Continuance, it will take defense counsel months to review and distill the discovery to detect probable legal issues and prepare for trial.  But at this point, the defense does not possess a complete set of discovery.  Because of the timing of the discovery, the amount of discovery, and the fact that no counsel has a complete set of discovery, if counsel were allowed to withdraw now, new counsel could begin reviewing discovery at the same time as all other defense counsel.

 As noted below, the circumstances described now pose significant risk of conflict.  What's more, because the evidence is voluminous and has not yet been thoroughly reviewed, there may already be a conflict under the circumstances.  As noted below, even were an ethical "firewall" created under the circumstances, continued representation of co-defendants could pose a conflict of interest or the appearance of a conflict of interest if both defendants were represented by the same office. Undersigned counsel has been diligent in conveying the nature of the likely conflict to Mr. Harris, who indicated his preference to retain counsel and, at least as an initial matter, indicated an inclination to waive any conflict.  However, as no counsel has complete discovery, and the grounds for possible conflicts are therefore unknowable in total, undersigned counsel does not believe that at this time Mr. Harris possesses the information necessary to make a knowing and voluntary waiver of potential conflicts.  In short, counsel asserts that Mr. Harris cannot know enough under the circumstances to provide valid consent.  The Assistant United States Attorneys

in this matter, Austin J. Hakes and Nils R. Kessler, have been advised of the situation and the relief requested in this Motion.  Mr. Kessler advised counsel this morning that the government does not oppose this motion.

### Facts

Mr. Harris was initially charged on October 6, 2020, by way of a Complaint, charging him with conspiracy to commit kidnapping.  Mr. Harris made his initial appearance on October 8, 2020.  At that time, he requested court-appointed counsel.  Magistrate Judge Sally J. Berens appointed counsel to represent Mr. Harris, found probable cause to bind he case over pending indictment and Mr. Harris was detained after his initial bond and detention hearing.  He remains in custody.

An Indictment was filed on December 16, 2020, charging Adam Fox, Barry Croft Jr., Ty Garbin, Kaleb Franks, Daniel Harris, and Brandon Caserta with conspiracy to kidnap, along with a forfeiture allegation.  Mr. Harris appeared with counsel and was arraigned on December 17, 2020.

The final pretrial conference and jury trial dates are currently scheduled for March 10, 2021, and March 23, 2021, respectively.  On January 27, 2021, counsel for defendant, Brandon Caserta, filed a Motion for Ends of Justice Continuance (ECF No. 145), requesting a continuance of six months, which all defense counsel except counsel for Mr. Garbin joined.  The Court has delayed ruling on the Motion until February 10, 2021, until all defendants either file a Consent for the ends of justice or file objections.

### Brief in Support

Representing multiple co-defendants by different attorneys in the same Defender's Office does not per se violate the Sixth Amendment right to an attorney or the rules of professional

responsibility as long as it does not create a conflict of interest.  However, multiple representation present many inherent issues and difficulties.

### a) Constitutional Considerations Regarding the Right to Counsel

In *Holloway v. Arkansas*, 435 U.S. 475 (1978), the Supreme Court held that "requiring or permitting a single attorney to represent codefendants" does not per se violate the Sixth Amendment right to effective assistance of counsel. *Id.* at 482.  However, if the court is alerted to a possible conflict of interest, the court must take adequate steps to ascertain whether the conflict warrants separate attorneys.  *Id.* at 484; *see also Wheat v. United States*, 486 U.S. 153, 159–60 (1988) (citing *Cuyler v. Sullivan*, 446 U.S. 335 (1980)).

> *Holloway* reaffirmed that multiple representation does not violate the Sixth Amendment unless it gives rise to a conflict of interest.  Since a possible conflict inheres in almost every instance of multiple representation, a defendant who objects to multiple representation must have the opportunity to show that potential conflicts impermissibly imperil his right to a fair trial.

*Cuyler v. Sullivan*, 446 U.S. 335, 348 (1980).

In *Holloway v. Arkansas*, 435 U.S. 475 (1978), the Supreme Court stressed that representing clients with conflicting interests may entail special dangers:

> Joint representation of conflicting interests is suspect because of what it tends to prevent the attorney from doing. For example, . . . it may well have precluded defense counsel . . . from exploring possible plea negotiations and the possibility of an agreement to testify for the prosecution, provided a lesser charge or a favorable sentencing recommendation would be acceptable. Generally speaking, a conflict may also prevent an attorney from challenging the admission of evidence prejudicial to one client but perhaps favorable to another, or from arguing at the sentencing hearing the relative involvement and culpability of his clients in order to minimize the culpability of one by emphasizing that of another.

*Holloway v. Arkansas*, 435 U.S. 475, 489–90 (1978); *see also Wheat v. United States*, 486 U.S. 153, 159-160 (1988) (quoting *Holloway*).

The Fifth Circuit indicated that the potential for a conflict of interest is lesser when co-defendants are represented by different attorneys in the same defender's office as opposed to the same attorney or attorneys in private law firms.

> Typically, the potential for a multiple representation conflict exists when codefendants are represented by the same attorney. The potential for such conflicts, however, does not necessarily exist when, as in this case, codefendants are represented by different attorneys, albeit in the same public defender office. The duty of loyalty runs only to that attorney's client; the attorney is in no way being asked to serve two masters.
>
> Of course, ethical problems may arise, particularly with regard to confidentiality, when members of the same public defender office represent codefendants. But such problems should be avoidable by strict adherence to the rules of professional responsibility.

*United States v. Trevino*, 992 F.2d 64, 66 (5th Cir. 1993).

Yet the issue of a potential conflict of interest is not necessarily cured by having two separate attorneys representing co-defendants.  In *United States v. Munoz,* 23 F App'x 13 (1st Cir. 2001), the Court held the district court had a duty to make inquiry into the Federal Public Defender's Office's representation of co-defendants with allegedly conflicting interests, even though defendants were represented by different attorneys.

### b)  Rules of Professional Conduct

Undersigned counsel is licensed in the state of Michigan and as noted below Rule 1.10(b) of the Michigan rules of professional conduct require notice to the Court of the imputed conflict and presumptive disqualification under the relevant rules and provisions.

In general, the Rules of Professional Conduct permit multiple representation of co-defendants as long as such representation does not give rise to a conflict of interest and all clients consent after consultation.

<u>Michigan Rules of Professional Conduct 1.7; Conflict of Interest: General Rule</u>

(a) A lawyer shall not represent a client if the representation of that client will be directly adverse to another client, unless:

5

>> (1) the lawyer reasonably believes the representation will not adversely affect the relationship with the other client; and
> (2) each client consents after consultation.
>
> (b) A lawyer shall not represent a client if the representation of that client may be materially limited by the lawyer's responsibilities to another client or to a third person, or by the lawyer's own interests, unless:
>
>> (1) the lawyer reasonably believes the representation will not be adversely affected; and
>> (2) the client consents after consultation. When representation of multiple clients in a single matter is undertaken, the consultation shall include explanation of the implications of the common representation and the advantages and risks involved.

Mich. R. Prof'l Cond. 1.7.

> <u>Michigan Rules of Professional Conduct 1.10;  Imputed Disqualification: General Rule</u>
>
> (a) While lawyers are associated in a firm, none of them shall knowingly represent a client when any one of them practicing alone would be prohibited from doing so by Rules 1.7, 1.8(c), 1.9(a), or 2.2.

Mich. R. Prof'l Cond. 1.10.

> <u>ABA Rule 1.7 Conflict of Interest: General Rule</u>
>
> (a) Except as provided in paragraph (b), a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if:
>
>> (1) the representation of one client will be directly adverse to another client; or
>> (2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer.
>
> (b) Notwithstanding the existence of a concurrent conflict of interest under paragraph (a), a lawyer may represent a client if:
>
>> (1) the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client;
>> (2) the representation is not prohibited by law;
>> (3) the representation does not involve the assertion of a claim by one client against another client represented by the lawyer in the same litigation or other proceeding before a tribunal; and
>> (4) each affected client gives informed consent, confirmed in writing.

ABA Model R. of Prof'l Cond. 1.7.

While Michigan Rule of Professional Conduct 1.7 states that an attorney may represent multiple clients if the attorney reasonably believes the representation will not be adversely affected, and the client consents after consultation, the commentary on that rule advises against multiple representation in criminal cases: "The potential for conflict of interest in representing multiple defendants in a criminal case is so grave that ordinarily a lawyer should decline to represent more than one codefendant." Mich. R. Prof'l Conduct 1.7 cmt.

### c)  Counsel Moves To Withdraw Due To Potential Conflict Of Interest

The Federal Public Defender's Office has offered undersigned counsel a position as an Assistant Federal Public Defender, which he has accepted.  As mentioned, counsel currently represents co-defendant, Daniel Joseph Harris.  Continued representation of co-defendants by attorneys in the same office could easily develop into a substantive conflict of interest.  The preparation and discovery review in this case will take significant time to adequately prepare for trial.  If present counsel from the Federal Public Defender's Office remains on defendant Mr. Fox's case, there is a significant risk for a conflict of interest to arise.  The same would be true of undersigned counsel should he continue to represent Mr. Harris after starting in the office.  The parties have already agreed it will take six months to adequately prepare for trial.  If the Court rules counsel should withdraw, there will be adequate time for new counsel to prepare and review the voluminous discovery.

Mr. Harris has been notified of the change in circumstances and of potential conflicts of interest that could develop with the Federal Defender's Office's continued representation. Mr. Harris has indicated his desire to continue to be represented by his current counsel. However, counsel does not find Mr. Harris can foresee significant risk of a conflict of interest developing

7

such that he can knowingly consider consent and waiver. Consequently, counsel respectfully requests this Court hold a hearing to rule upon this Motion to Withdraw. Counsel requests to withdraw under the circumstances but is willing to continue representing Mr. Harris should the Court for some reason after considering the issues deny counsel's request.

Respectfully submitted this 4th day of February 2021,

/s Parker Douglas
Parker Douglas (#P83242)
DOUGLAS LAW PLLC
106 East 8th Street
Holland, Michigan 49423
Telephone: 801.699.7746
Email: parkerdouglas66@gmail.com

*Counsel for Mr. Daniel Joseph Harris*