UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                              No. 1:20-CR-183

      vs.                                    Hon. Robert J. Jonker
                                                   Chief United States District Judge

DANIEL JOSEPH HARRIS,
BARRY GORDON CROFT, JR.,
ADAM DEAN FOX, and
KALEB JAMES FRANKS,

        Defendants.
_____/

## GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION
## TO PINPOINT EXCULPATORY INFORMATION

Defendant Harris asks the government to pinpoint exculpatory items within the discovery already disclosed.[1] The government will continue to abide by its obligation to disclose exculpatory information. It is neither required, nor in the best position, however, to determine the defense's focus.

Harris's request is not supported by legal authority, and it is unwise to delegate this defense function to the prosecution. Not knowing his theory of the case, the government cannot reasonably be expected to identify all the items he might find material. The defendant should not rely on a subset of discovery curated for him by the opposition, but on a careful examination of all the discovery by his own advocate.

---

[1] His motion is joined by defendants Croft, Fox, and Franks, who did not submit separate briefs.

FACTS

1.      Harris and his co-defendants are charged with crimes including conspiring to kidnap the governor of Michigan, conspiring to use weapons of mass destruction, and possession of destructive devices. (R.172: S. Ind., PageID.961.) The trial is scheduled to begin on October 12, 2021. (R.161: Am. Sch. Order, PageID.861.)

2.      The government has provided discovery on an ongoing basis since the defendants' arrest in October 2020, and through a court-appointed discovery attorney since December 2020. (R.119: Order, PageID.682.) As Harris notes, the disclosures include a large number of reports, audio and video recordings, and encrypted chat communications. These reports are Bates stamped and serialized, and accompanied by their supporting recordings and non-documentary exhibits. Each production has included an inventory spreadsheet identifying each item, including a key indicating whether or not the document is a duplicate. The discovery items can be searched electronically using Boolean criteria, and can be tallied and sorted to streamline review.

3.      The government does not know what Harris's defense strategy will be. He has alternately suggested that he was not a member of the conspiracy (R.235: Def's Br., PageID.1290), that he was entrapped (R.253: Motion to Join, PageID.1378; R.248-1: Motion to Disclose Records, PageID.1354), and that he was engaging in speech protected by the First Amendment. (R.253: Motion to Join R.219: Motion for Special Jury Instruction, PageID.1170-71.) At trial he could present any or all of these defenses, and others yet undisclosed.

LAW AND ARGUMENT

*Brady v. Maryland*, 373 U.S. 83 (1963), requires that the prosecution turn over to the defense any exculpatory evidence in its possession or control. The government is under no duty, however, to direct a defendant to exculpatory evidence within a larger mass of disclosed evidence. *United States v. Skilling*, 554 F.3d 529, 576 (5th Cir. 2009).

The defendant in *Skilling* "contend[ed] that the government should have scoured the open file in search of exculpatory information to provide to him," but the court acknowledged "the government was in no better position to locate any potentially exculpatory evidence than [he was]." *Id.* at 577. It is entirely possible that something exculpatory can reside in a voluminous file, and "the government does not know about it either." *Id*. Therefore, "when evidence is equally available to both the defense and the prosecution, the defendant must bear the responsibility of failing to conduct a diligent investigation." *Id. at 576*, citing *Kutzner v. Cockrell*, 303 F.3d 333, 336 (5th Cir. 2002). As one district court in this circuit observed, "Figuring out what might be useful to the defense should hardly be left to the government and its *Brady* review." *United States v. Franco*, 585 F. Supp. 2d 980, 983 (N.D. Ohio 2008).

The court may find the government abdicated its duty under *Brady* if (1) the government pads discovery with irrelevant documents, (2) makes access to discovery "unduly onerous," or (3) deliberately conceals exculpatory evidence in voluminous discovery. *United States v. Warshak*, 631 F.3d 266, 297 (6th Cir. 2010). Voluminous discovery by itself does not run afoul of *Brady*, however, and the government is not "obliged to sift fastidiously" through the discovery for the defendant. *Id*.

Where the government has provided a searchable electronic file and indices to the discovery, an unsupported claim that the government is "hiding a needle in a haystack" does not

3

establish a *Brady* violation. *Skilling*, 554 F.3d at 577; *see also United States v. Meredith*, 2015 U.S. Dist. LEXIS 126487, at *7-8 (W.D. Ky. 2015) (motion to compel identification of *Brady* information denied where the government provided discovery in searchable format, along with a discovery index and media review index).

Harris presents *Skilling* as authority that the government should provide a list of "hot documents." (R.235: Def.'s Br., PageID.1291.) But that case only noted such a list was provided as one piece of evidence of good faith, in a post-conviction appellate context. *Skilling*, 554 F.3d at 577. None of Harris's cases actually say the government is required to pinpoint *Brady* evidence for him. In fact, the Sixth Circuit has rejected such claims. *See, United States v. Richards*, 659 F.3d 527, 545 (6th Cir. 2011) (finding "no abuse of discretion in the district court's denial of [defendant's] motion to compel identification of evidence under Rule 16" where there was no evidence that the government acted in bad faith).

The government has provided discovery to Harris and his co-defendants in a searchable electronic format, accompanied by inventory spreadsheets. Moreover, the materials have been provided through the intermediary of a court-appointed discovery coordinator. There has been no attempt to pad the file, and the defendant explicitly abjures any claim that the government has acted in bad faith. (R.235: Def.'s Br., PageID.1292.)

Asking the government to help compile the defense case is fraught with peril.  First, the government is in no better position to find *Brady* materials in disclosed discovery than is Harris himself. It is arguably in a *worse* position because it does not know his theory of the case, and therefore cannot know what he might find useful. Second, Harris' premise that he does not have

4

enough time to find *Brady* materials in the discovery[2] points to a greater danger: that he will rely on a government "list" to his own detriment.

Harris illustrates both points by citing a report that he found for himself in the discovery provided by the government. (R.235: Def.'s Br., PageID.1290; R.236: Exhibit A, PageID.1295.) This demonstrates he can search the discovery files as effectively as the government. If the government had given him a list of "hot documents" that omitted this report, however, he might never have looked for it. If Harris needs more time to conduct a diligent investigation, he should ask for a continuance; not seek to outsource his defense to the prosecution.

WHEREFORE, the government requests the Court deny the defendants' motion to pinpoint exculpatory information.

Respectfully submitted,

ANDREW BYERLY BIRGE
United States Attorney

Dated: August 26, 2021           /s/ Nils R. Kessler
NILS R. KESSLER
AUSTIN J. HAKES
Assistant United States Attorneys
P.O. Box 208
Grand Rapids, MI 49501-0208
(616) 456-2404
nils.kessler@usdoj.gov

---

[2] (R. 235: Def.'s Br., PageID.1289, 1292)