UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,                    No. 1:20-CR-183

      vs.                          Hon. Robert J. Jonker
                                       Chief United States District Judge

DANIEL JOSEPH HARRIS,
BARRY GORDON CROFT, JR.,
ADAM DEAN FOX, and
KALEB JAMES FRANKS,

       Defendants.
_____/

## GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO IDENTIFY CO-CONSPIRATOR STATEMENTS

The government has disclosed co-conspirator statements it may offer against the defendants. Fed. R. Crim. P. 12(b)(4)(B) requires the government to disclose whether it intends to use a particular piece of evidence only after the defendant has identified it with specificity. The rule is not a tactical mechanism to identify all the particular evidence the government will offer at trial, and not a strategic device to obtain exclusion of evidence the government did not designate.

## LAW AND ANALYSIS

Harris[1] asks the government to identify with specificity which co-conspirator statements it intends to introduce in its case-in-chief. (R.239: Def.'s Br., PageID.1301.) He cites Fed. R. Evid. 801(d)(2)(E) and related case law for the unremarkable proposition that co-conspirator statements are generally admissible. (*Id.*, at 1301-04.) None of the cited authority supports his notion that the government is required to pinpoint the co-conspirator statements it intends to use.

---

[1] Harris' motion is joined by defendants Croft, Fox and Franks, who did not submit separate briefs.

Fed. R. Evid. 801(d)(2)(E) does not compel the government to identify co-conspirator statements any more than Rules 608 and 609 (which govern impeachment) compel anyone to disclose a witness list.

The Federal Rules of Criminal Procedure do not actually even require the government to produce co-conspirator statements at all.[2] Fed. R. Crim. P. 16(a); *United States v. Cheatham*, 500 F. Supp. 2d 528, 538 (W.D. Pa. 2007) (Rule 16 does not provide for the Government's production of a co-conspirator's statements to a defendant because such statements are not the defendant's own statement under Rule 16(a)(1)(A) despite the fact that F.R.E. 801(d)(2)(E) would impute such non-hearsay statements to a defendant.).

Although Harris does not identify the rule, he is essentially moving under Fed. R. Crim. P. 12(b)(4) to compel the government to identify potentially suppressible evidence. That rule provides: "At the arraignment or as soon afterward as practicable, the defendant may, in order to have an opportunity to move to suppress evidence under Rule 12(b)(3)(C), request notice of the government's intent to use (in its evidence-in-chief at trial) any evidence that the defendant may be entitled to discover under Rule 16." The purpose of the Rule is to "streamline[] the suppression process [so] the defendant can avoid moving to suppress evidence the Government does not intend to use." *United States v. Smith,* 277 F. App'x 187, 191 (3d Cir. 2008).

The burden of identifying the potentially suppressive evidence rests with the defendant, not the government. "What Rule 12(b)(4)(B) does require is that the government respond to a defendant's request for notice whether the government intends to offer *specific* evidence that the request identifies. . . In order to trigger a notice obligation, the defendant's request must identify potentially suppressive evidence with specificity." *United States v. Ferguson*, No. 2:16-CR-

---

[2] The government has nonetheless disclosed co-conspirator statements. Harris does not allege otherwise.

00103-JRG, 2018 U.S. Dist. LEXIS 14316, *5-6 (E.D. Tenn. Jan. 30, 2018), citing *United States v. Ishak*, 277 F.R.D. 156, 159 (E.D. Va. 2011) (denying defense motion to compel designation of specific evidence, calls, and transcripts government intended to offer at trial). "Stated differently, 'any request under Rule 12(b)(4)(B) must identify evidence with sufficient specificity that the government can readily ascertan the particular evidence referenced. Only then can the government effectively provide notice whether it intends to offer that particular evidence in its case-in-chief." *Id.*, citing *Ishak, supra* at 160.

"Rule 12(b)(4)(B) is not designed or intended to be used to obtain more specific discovery than that provided by Rule 16. It is also not designed to aid the defendant in ascertaining the Government's trial strategy." *United States v. Bunch*, No. 2009 U.S. Dist. LEXIS 114325, *3 (E.D. Tenn. 2009), citing *United States v. Cruz-Paulino*, 61 F.3d 986, 994 (1st Cir. 1995). *See also, United States v. Ferguson*, 2018 U.S. Dist. LEXIS 14316, *5 (E.D. Tenn. 2018) (The rule "is not a mechanism to extract an exhibit or witness list from the government or require the government to identify all the particular documents it will offer at trial. The Rule is also not a strategic device to obtain exclusion of evidence the Government did not designate."); *United States v. El-Silimy*, 2005 U.S. Dist. LEXIS 6147, *10-11 (D. Me. 2005) (motion to compel notice of evidence government intends to use at trial denied).

Harris's argument that such pinpointing is necessary because the court must make a preliminary finding on the existence of the conspiracy is a red herring. (R.239: Def's Br., PageID.1302, citing *United States v. Enright*, 579 F.2d 980 (6th Cir. 1978)). The court makes preliminary findings on a host of issues at trial; for example, whether the risk of unfair prejudice outweighs the probative value of impeachment evidence. *See,* Fed. R. Evid. 609, 403. Harris's case is not like *United States v. Bourjaily,* 482 U.S. 171 (1987), where the co-conspirator

statements were themselves the only evidence of the conspiracy. In this case, both the existence of the conspiracy and Harris's membership in it will be established by substantial independent evidence. (*See,* R.172: S. Ind., PageID.963-968.) A preview of his co-conspirators' Rule 801(d)(2)(E) statements would therefore do little to assist the court in making an *Enright* determination.

Harris cannot use what is essentially a Rule 12(b)(4)(B) motion to compel a preview of the government's case, or to tactically set up the exclusion of "undesignated" statements. If he wants a pretrial ruling on the admissibility of a particular co-conspirator statement, he must identify it with specificity.

WHEREFORE, the government requests the court deny the defendants' motion to identify co-conspirator statements.

                                                                                Respectfully submitted,

                                                                                ANDREW BYERLY BIRGE
                                                                                United States Attorney

Dated: August 26, 2021                */s/ Nils R. Kessler*
                                                                                NILS R. KESSLER
                                                                                AUSTIN J. HAKES
                                                                                Assistant United States Attorneys
                                                                                P.O. Box 208
                                                                                Grand Rapids, MI 49501-0208
                                                                                (616) 456-2404
                                                                                *nils.kessler@usdoj.gov*